**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4764-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DANILO I. LEONEN,

    Defendant-Appellant.

_____

          Submitted August 1, 2017 — Decided August 9, 2017

          Before Judges Sabatino and Whipple.

          On appeal from Superior Court of New Jersey,
          Law Division, Camden County, Indictment No.
          12-12-3157.

          Joseph E. Krakora, Public Defender, attorney
          for appellant (Janet A. Allegro, Designated
          Counsel, on the briefs).

          Mary Eva Colalillo, Camden County Prosecutor,
          attorney for respondent (Nancy P. Scharff,
          Assistant Prosecutor, of counsel and on the
          brief).

PER CURIAM

    Defendant Danilo Leonen appeals from an April 18, 2016 order

denying his petition for post-conviction relief (PCR).  We affirm.

We discern the following relevant facts from the record. Defendant was charged in a fourteen-count indictment after he participated in a home invasion robbery. The victim of the robbery initially hesitated to identify defendant from a photo array, but later confirmed defendant as one of the men who robbed him, recognizing defendant's facial tattoo. Defendant's counsel moved for a Wade[1] hearing, while the State successfully moved for a buccal swab of defendant's cheek to test for a DNA match with an item from the crime scene.

On August 21, 2013, defendant withdrew the Wade motion and entered a guilty plea to first-degree armed robbery with a recommended sentence of ten years and eighty-five percent parole ineligibility.[2] The judge imposed the recommended sentence and no direct appeal was filed. Defendant filed his pro se PCR petition in November 2014, and counsel for defendant subsequently filed a legal brief in support of defendant's claim for PCR in December 2015. Judge Richard F. Wells denied the petition on April 18, 2016. This appeal followed.

On appeal, defendant raises the following arguments:

---

[1] United States v. Wade, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967).

[2] At the time of the plea hearing, the results of the DNA testing from the buccal swab had not been returned.

POINT I.

THE COURT ERRED IN DENYING DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE EFFECTIVE LEGAL REPRESENTATION AT SENTENCING.

(A) THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL ARISING OUT OF EVIDENTIARY HEARINGS AND PETITIONS FOR [PCR].

POINT II.

TRIAL COUNSEL'S FAILURE TO INFORM DEFENDANT OF A POSSIBLE CONFLICT OF INTEREST PRIOR TO PLEADING GUILTY CREATED AN UNACCEPTABLE APPEARANCE OF IMPROPRIETY AND CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.

POINT III.

TRIAL COUNSEL'S FAILURE TO AGGRESSIVELY PURSUE DEFENDANT'S INTERESTS DURING PRE-TRIAL MOTIONS CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL AND EFFECTIVELY PREVENTED DEFENDANT FROM ENTERING WILLING, KNOWING GUILTY PLEAS.

(A) WADE MOTION.

(B) BUCCAL SWAB MOTION/MOTION TO EXCLUDE GLOVE FINGER AND DNA.

We have considered these arguments in light of the record and the applicable legal standards, and conclude they are without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(2). We affirm substantially for the reasons expressed

in the thoroughly written opinion of Judge Wells. We add the following comments.

A court reviewing a PCR petition based on claims of ineffective assistance of counsel should grant an evidentiary hearing if a defendant establishes a prima facie showing in support of the relief requested. State v. Preciose, 129 N.J. 451, 462 (1992). In order to establish a prima facie case of ineffective assistance of counsel, a defendant must demonstrate the reasonable likelihood that his claim will succeed on the merits. Id. at 464.

To prevail on a claim of ineffective assistance of counsel, defendant must meet a two-prong test. Defendant must first prove counsel's performance was deficient, and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693, (1984); State v. Fritz, 105 N.J. 42, 52 (1987). The second prong requires defendant to show the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698; Fritz, supra, 105 N.J. at 52-53; see also Lee v. United States, 582 U.S. __, __

S. Ct. \_\_, \_\_ L. Ed. 2d \_\_ (2017) (holding "defendant can show prejudice by demonstrating a 'reasonable probability' that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985))).

"[B]ald assertions" of ineffective assistance are not enough to maintain a claim under Strickland or Fritz. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999). A petitioner must "allege facts sufficient to demonstrate counsel's alleged substandard performance" and the court must view the facts alleged in the light most favorable to the petitioner. Ibid. PCR petitions must be "accompanied by an affidavit or certification by defendant, or by others, setting forth with particularity the facts that [a defendant] wishe[s] to present [at the hearing]." State v. Jones, 219 N.J. 298, 312 (2014).

Here, defendant did not provide any certifications or affidavits besides his own, did not identify steps his attorney should have taken regarding the pre-trial motions, and did not establish the existence of an alleged conflict of interest. The PCR court found "defendant's assertions are of the ilk of 'bald assertions' and conclusory allegations" that fail to demonstrate his "counsel's representation fell below an objective standard of reasonableness." Defendant's assertions he pled guilty and was

prejudiced because of his trial counsel's failure to inform him of an alleged conflict of interest are without merit. Based upon the record before us, we agree defendant's assertions are nothing more than "bald assertions" unsupported by the record.

The PCR court correctly found defendant did not submit evidence that amounted to a prima facie case of ineffective assistance of counsel. Without a prima facie case establishing that the defendant has a colorable claim under Strickland/Fritz, no evidentiary hearing is necessary. Preciose, supra, 129 N.J. at 462-63. As such, the trial court did not err in denying defendant's PCR petition without an evidentiary hearing. Accordingly, giving appropriate deference to the PCR judge's factual findings under Rule 3:22-10 and Preciose, we affirm.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION